Dennis Yan (257854)
300 Frank Ogawa Plaza, Suite # 218
Oakland, Ca 94612
Phone (415) 867-5797
Fax (415) 901-0650
Attorney for debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

In re:

THE REMODELING COMPANY, INC.,
    Debtor.

Case No.: 16-42231 RLE

Chapter 11

Notice and Opportunity for Hearing

Judge Roger L. Efremsky
Courtroom 201
Address: 1300 Clay St. 2nd Floor, Oakland, CA 94612

DEBTOR'S MOTION FOR ENTRY OF ORDER DISMISSING CHAPTER 11 CASE

THE REMODELING COMPANY, INC. (the "Debtor"), hereby files this motion (the "Motion") for entry of order, pursuant to sections 105(a) and 1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 1017(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1017-2 of the Local Rules of Bankruptcy (the "Local Rules"), dismissing the Chapter 11 Case and granting such other and further relief as requested herein or as the Court otherwise deems necessary or appropriate. In support of this Motion, the Debtor submits the Declaration of Debtor's Counsel Dennis Yan in Support of Debtor's Motion for Entry of Order Dismissing Chapter 11 Case, a copy of which is attached hereto as Exhibit A, and respectfully represents as follows:

//

- 1

## JURISDICTION

1. The United States Bankruptcy Court (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).
2. Venue in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.
3. The statutory bases for the relief requested herein are sections 105(a) and 1112(b) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 1017(a) and Local Rule 1017-2.

## BACKGROUND

4. On August 8, 2016, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Lynette C. Kelly has been appointed trustee in the Chapter 11 Case.
5. Debtor owns two real estate properties in Oakland, California ("Properties") as disclosed in Schedule A/B. The Properties are encumbered with liens by secured creditor ANCHOR LOANS, LLC ("ANCHOR"), as disclosed in Schedule D. There are no other secured creditors or known unsecured creditors.
6. At the time of the filing of the petition, ANCHOR had instituted non-judicial foreclosure proceedings against the Properties.
7. On or about September 21, 2016, ANCHOR and Debtor entered into Forbearance Agreement, conditioned on Debtor causing its Chapter 11 bankruptcy to be dismissed, whereby ANCHOR agrees to forbear from completing the foreclosure sale of the Properties through November 15, 2016, and Debtor agrees to attempt a sale of the Properties and/or obtain refinance loans, one of which is anticipated to consummate prior to the expiration of the Forbearance Agreement.

## RELIEF REQUESTED

By this Motion, the Debtor requests entry of the Order dismissing the Chapter 11 Case.

BASIS FOR RELIEF

As set forth above, the Debtor has no other creditors other than a single secured creditor, ANCHOR LOANS, LLC, and that Debtor and ANCHOR had agreed to a Forbearance Agreement. Based on the foregoing, the Debtor believes that the proposed dismissal of the Chapter 11 Case is warranted because it will allow for a prompt and orderly conclusion to the Chapter 11 Case and in the best interests of the Debtor, its creditors, and its estate.

Section 1112(b) of the Bankruptcy Code provides that a court may dismiss a chapter 11 case "for cause" and states, in relevant part, that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ." 11 U.S.C. § 1112(b). Determinations of whether "cause" exists are made on a case-by-case basis and the decision to dismiss a chapter 11 case rests in the sound discretion of the Court. See In re Albany Partners, Ltd., 749 F.2d 670, 674 (11th Cir. 1984); In re Young, 76 B.R. 376, 378 (Bankr. D. Del. 1987) (stating that section 1112(b) of Bankruptcy Code permits court in its discretion to dismiss chapter 11 case, and that "determination of whether cause has been shown must be made on a case-by-case basis, and cause is not limited to the enumerated grounds of § 1112(b)").

Accordingly, the Debtor submits that cause exists to dismiss the Chapter 11 Case under section 1112(b) of the Bankruptcy Code. In addition, section 105(a) of the Bankruptcy Code authorizes the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

WHEREFORE, for the reasons set forth above, the Debtor respectfully requests that the Court enter Order dismissing the Chapter 11 Case.

Respectfully submitted,
September 27, 2016

/s/Dennis Yan
Attorney for debtor

- 3 -

Case: 16-42231   Doc# 14   Filed: 09/27/16   Entered: 09/27/16 14:15:12   Page 3 of 5

# EXHIBIT A

DECLARATION OF DENNIS YAN IN SUPPORT OF DEBTOR'S MOTION FOR ENTRY OF ORDER DISMISSING CHAPTER 11 CASE

1. I am counsel for The Remodeling Company, Inc., Debtor herein. On August 8, 2016, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Lynette C. Kelly has been appointed trustee in the Chapter 11 Case.
2. Debtor owns two real estate properties in Oakland, California ("Properties") as disclosed in Schedule A/B of the filed petition. The Properties are encumbered with liens by secured creditor ANCHOR LOANS, LLC ("ANCHOR"), as disclosed in Schedule D. There are no other secured creditors or known unsecured creditors.
3. At the time of the filing of the petition, ANCHOR had instituted non-judicial foreclosure proceedings against the Properties.
4. On or about September 21, 2016, ANCHOR and Debtor entered into Forbearance Agreement, conditioned on Debtor causing its Chapter 11 bankruptcy to be dismissed, whereby ANCHOR agrees to forbear from completing the foreclosure sale of the Properties through November 15, 2016, and Debtor agrees to attempt a sale of the Properties and/or obtain refinance loans, one of which is anticipated to consummate prior to the expiration of the Forbearance Agreement.

I declare under penalty of perjury under the law of California that the foregoing is true and correct.

Respectfully submitted,
September 27, 2016

/s/Dennis Yan
Attorney for debtor