DONNA S. TAMANAHA (WI 1013199)
Assistant United States Trustee
LYNETTE C. KELLY (SBN 120799)
Trial Attorney, Oakland Division
BARBARA A. MATTHEWS (SBN 195084)
Trial Attorney, Oakland Division
U.S. DEPARTMENT OF JUSTICE
Office of the United States Trustee
450 Golden Gate Avenue, Suite 5-0153
San Francisco, California 94102
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: Barbara.A.Matthews@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee FOR Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

In re:

THE REMODELING COMPANY,

          Debtor-in-Possession.

Case No. 16-42231 RLE

Chapter 11

Date: October 25, 2016
Time: 1:30 p.m.
Place: Room 201, 1300 Clay Street
       Oakland, California 94612

**UNITED STATES TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7, OR, IN THE ALTERNATIVE, TO DISMISS CASE OR APPOINT A CHAPTER 11 TRUSTEE, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Tracy Hope Davis, the United States Trustee for Region 17 ("United States Trustee"), by and through her undersigned counsel, hereby moves this Court for an order converting the above-captioned case to chapter 7, or for an order dismissing the case or appointing a Chapter 11 trustee, for cause under 11 U.S.C. § 1112(b) (the "Motion"). Cause exists for this relief based upon the following:

• Debtor-in-Possession failed, without good cause, to attend two scheduled meetings of creditors convened under 11 U.S.C. § 341(a). This failure constitutes cause under 11 U.S.C. § 1112(b)(4)(G); and

• Debtor-in-Possession failed timely to provide information and attend meetings reasonably requested by the United States Trustee. This failure constitutes cause under 11 U.S.C. § 1112(b)(4)(H).

**I.     INTRODUCTION.**

Cause exists to convert this case to chapter 7 or, in the alternative, to dismiss this case or appoint a Chapter 11 trustee, because Debtor-in-Possession failed to attend two scheduled meetings of creditors convened under 11 U.S.C. § 341(a). In addition, the Debtor-in-Possession failed timely to provide information and to attend initial debtor interviews requested by the United States Trustee.

In support of this Motion, the United States Trustee requests that the Court consider the Memorandum of Points and Authorities incorporated herein, and the Declaration of Bankruptcy Auditor Jim Palmer in Support of the United States Trustee's Motion to Convert Case to Chapter 7 or, in the Alternative, to Dismiss Case or Appoint a Chapter 11 Trustee ("Palmer Decl.") filed concurrently with this Motion.

**II.    STATEMENT OF FACTS.**

1.     Debtor-in-Possession, The Remodeling Company, Inc., filed a voluntary petition for relief under chapter 11 on August 8, 2016. Petition, Dkt. No. 1. At the time of filing and throughout the case, the Debtor-in-Possession has been represented by attorney Dennis Yan.

2.     On August 9, 2016, the Clerk of the Court issued a "Notice of Chapter 11 Bankruptcy case, Meeting of Creditors, and Deadlines. Notice, Dkt. No. 2. That notice set the initial date for the meeting of creditors for September 12, 2016, at 1:00 p.m., at the Office of the United States Trustee in Oakland, California. *Id*. at p. 1.

3.     The United States Trustee scheduled an initial debtor interview ("IDI") with the Debtor-in-Possession for September 21, 2016 at 11:30 a.m. Palmer Decl. at ¶5. Prior to that

1 date, the United States Trustee requested that the Debtor-in-Possession produce certain documents. Palmer Decl. at ¶5. The Debtor-in-Possession did not attend the IDI. ¶6.

4. Bankruptcy Auditor Palmer rescheduled the IDI to take place telephonically on September 27, 2016. Palmer Decl. at ¶ 6. Neither the Debtor-in-Possession nor his counsel made themselves available for this telephonic meeting, nor did the Debtor-in-Possession produce any of the requested documents. Palmer Decl. at ¶ 7.

5. The Debtor-in-Possession did not attend his scheduled meeting of creditors on September 12, 2016. His attorney appeared 15 minutes after the scheduled start time of the meeting of creditors and informed the attorney for the United States Trustee that the Debtor-in-Possession would not be attending. Docket Notes entered 9/13/16.

6. The United States Trustee continued the September 12, 2016 meeting of creditors until September 26, 2016 at 2:00 p.m. at the Office of the United States Trustee in Oakland, California. Docket Notes entered 9/13/16. Neither the Debtor-in-Possession nor his counsel attended the continued meeting of creditors. Docket Notes entered 9/27/16.

7. The Court set a status conference in this case for September 27, 2016. Docket No. 6. An attorney for the United States Trustee appeared. Neither the Debtor-in-Possession nor his proposed counsel appeared at the status conference. Docket Notes entered 9/27/16. At the status conference, the Court granted the United States Trustee's oral motion for shortened time and to set dates for the United States Trustee's Motion. *Id*.

8. Although neither the Debtor-in-Possession nor his counsel attended the status conference, on September 27, 2016, the Debtor-in-Possession filed a motion to dismiss the case. Dkt. No. 14.

**III. JURISDICTION.**

The Bankruptcy Court has original and exclusive jurisdiction over this bankruptcy case under 28 U.S.C. § 1334(a), 28 U.S.C. § 157, and 28 U.S.C. § 151. The Bankruptcy Court also

has subject matter jurisdiction to adjudicate the contested matter presented by the Motion pursuant to 28 U.S.C. § 1334(b) as the relief sought under Section 1112(b)(1) constitutes a civil proceeding arising under the Bankruptcy Code.

Adjudication of the Motion constitutes a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O). The filing of a motion pursuant to FRBP 1017(f)(1) initiates a contested matter governed by FRBP 9014. Venue of this case and the contested matter presented by the Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

### IV. THE UNITED STATES TRUSTEE HAS STANDING TO SEEK RELIEF REQUESTED.

The United States Trustee is charged with supervising the administration of cases under chapter 11 of title 11, *see* 28 U.S.C. § 586(a)(3), and may raise and be heard on any issue in any case or proceeding, except that the United States Trustee may not file a chapter 11 plan. *See* 11 U.S.C. § 307. *See also Stanley v. McCormick, Barstow, Sheppard, Wayte & Carruth (In re Donovan Corp.)*, 215 F.3d 929, 930 (9th Cir. 2000) ("The United States Trustee may be heard on any issue in any case or proceeding under title 11.").

The United States Trustee has standing to file a motion to dismiss or convert a case under chapter 11 pursuant to 11 U.S.C. § 1112(b). 28 U.S.C. § 586. In addition, section 586(a)(8) of Title 28 added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") states:

> (a) Each United States Trustee . . . shall - (8) in any case in which the United States trustee finds material grounds for any relief under section 1112 of title 11, the United States trustee shall apply promptly after making that finding to the court for relief.

### V. POINTS AND AUTHORITIES.

**A. Cause Exists To Convert Case to Chapter 7.**

Section 1112(b) of the Bankruptcy Code provides, in pertinent part, that on the request of

a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert the case to chapter 7, dismiss the case, appoint a chapter 11 trustee, or appoint an examiner, whichever is in the best interests of creditors of the estate, if the movant establishes cause.

Section 1112(b)(4) sets forth a list of 16 grounds that constitute "cause" for conversion or dismissal. See 11 U.S.C. § 1112(b)(4)(A)-(P); *see also In re Gateway Access Solutions, Inc.*, 374 B.R. 556, 560 (Bankr. M.D. Pa. 2007). This list is not exhaustive, and a case may be dismissed or converted for causes other than those specifically identified in Section 1112(b)(4). "Cause is a flexible standard, subject to the Court's discretion, and does not necessarily involve one or all of the those factors set forth in Section 1112(b)(4)." *YBA Nineteen, LLC v. IndyMac Venture, LLC (In re YBA Nineteen, LLC)*, 505 B.R. 289, 302 (S.D. Cal. 2014), *citing In re Prods. Int'l Co.*, 395 B.R. 101, 107 (Bankr. D. Ariz. 2008). *See also In re AmeriCERT, Inc.*, 360 B.R. 398, 401 (Bankr. D. N.H. 2007) ("The list is not exhaustive . . . a case may be dismissed for other causes, such as bad faith or if the petition does not serve a bankruptcy purpose."); *In re Jayo,* 2006 WL 2433451, *6 (Bankr. D. Idaho July 28, 2006) ("In [the Ninth] Circuit, the court has discretion to consider alleged causes not specifically listed in §1112(b).").

### 1. Cause Exists Under Section 1112(b) Because Debtor-in-Possession Failed to Attend Two Scheduled Meetings of Creditors Without Good Cause.

The "[f]ailure to attend the meeting of creditors convened under section 341(a) . . . without good cause shown by the debtor" constitutes "cause" to convert or dismiss a case under 11 U.S.C. § 1112(b)(4)(G). See, e.g., In re Oakland Hills Land Development, LLC, 2010 WL 5553362 *1 (Bankr. E.D. Mich. June 23, 2010) (case converted where debtor's responsible individual without good cause failed to attend the Section 341 meeting).

In this case, the Debtor-in-Possession failed to attend two scheduled meetings of creditors

without good cause. Debtor-in-Possession's counsel failed to contact the United States Trustee either before or after the scheduled meetings to advise that his client was unable to attend. Failure to attend scheduled meetings of creditors constitutes cause for relief under 11 U.S.C. § 1112(b)(4)(G).

### 2. Cause Exists Under Section 1112(b) Because Debtor-in-Possession Failed Timely to Provide Information and Attend Meetings Reasonably Requested by the United States Trustee.

The failure to timely provide documents requested by the United States Trustee in preparation for an IDI or to attend a scheduled IDI constitutes cause for dismissal or conversion under 11 U.S.C. § 1112(b)(4)(H). Every chapter 11 debtor is required to produce certain documents requested by the United States Trustee and to attend a scheduled IDI. Congress recognized the need for debtor cooperation and thus made dismissal or conversion the consequence for a debtor's lack of cooperation. The United States Trustee cannot fulfill her responsibilities without basic documents and information provided in an informal interview with the Debtor.

Here, despite a timely request for documents in preparation for the IDI, the Debtor-in-Possession produced no documents. In addition, the Debtor-in-Possession failed to attend the IDI and provided no explanation for this failure. These failures constitute cause for relief under 11 U.S.C. § 1112(b)(4)(H).

### 3. The Case Should be Converted.

Section 1112(b)(1) of the Bankruptcy Code provides that once cause is established, the court shall dismiss or convert a case to chapter 7, whichever is in the best interests of creditors and the estate. Alternatively, the court may appoint a chapter 11 trustee or examiner where cause exists to dismiss or convert but the court determines that appointment of a chapter 11 trustee or examiner is in the best interests of creditors. 11 U.S.C. § 1112(b)(1). *See In re Products Intern. Co.*, 395 B.R. 101 (Bankr. D. Ariz. 2008). This determination requires the court to conduct a

balancing test and consider the interests of all creditors and the estate. *Id; see Shulkin Hutton, Inc., v. Treiger, et al (In re Owens)*, 552 F.3d 958, 961 (9th Cir. 2009).

Section 1112(b)(2) permits the court to find and specifically identify "unusual circumstances" establishing that the requested conversion or dismissal of the case is not in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(2). *In re Products Intern. Co.*, 395 B.R. 101, 107 (Bankr. D. Ariz. 2008); *In re Nelson*, 343 B.R. 671, 675 (B.A.P. 9th Cir. 2006) (section 1112(b) establishes a two-step analysis for dealing of questions of conversion or dismissal.) Once "cause" is found, the burden shifts to the debtor to demonstrate that there is a reasonable likelihood that a plan will be confirmed within a reasonable time, and, if the cause shown includes an act or omission of the debtor, "(i) [] there exists a reasonable justification for the act or omission"; and (ii) it will be cured within a reasonable time fixed by the court." 11 U.S.C. § 1112(b)(2)(A)-(B).

Due to the Debtor-in-Possession's failure to provide documents and to attend both the IDI and the meeting of creditors, the United States Trustee has no information regarding the Debtor-in-Possession's assets and liabilities. Therefore, the United States Trustee requests conversion, but reserves the right to seek the alternate relief of dismissal or appointment of a Chapter 11 trustee.

**B.      There Are No Known Compelling Circumstances to Justify A Continuance.**

Section 1112(b)(3) provides that "[t]he court shall commence the hearing" on a motion to convert or dismiss under section 1112(b)(1) "not later than 30 days after filing of the motion" and decide the motion "not later than 15 days after commencement of such hearing unless movant expressly consents to a continuance [] or compelling circumstances prevent the court from meeting the time limits." 11 U.S.C. § 1112(b)(3). The United States Trustee is not aware of compelling circumstances that justify deviating from the time frames required by section 1112(b)(3).

## VI. PRAYER FOR RELIEF.

Based upon the foregoing, the United States Trustee respectfully requests this Court enter an order (1) granting the Motion; (2) converting the case to chapter 7, or granting alternative relief under Section 1112(b); and (3) for such other and further relief as is just and appropriate.

Dated: October 7, 2016

                            TRACY HOPE DAVIS
                            United States Trustee for Region 17

                            */s/Barbara A. Matthews*
                            BARBARA A. MATTHEWS
                            Trial Attorney, Oakland Division