DONNA S. TAMANAHA (WI 1013199)
Assistant United States Trustee
BARBARA A. MATTHEWS (SBN 195084)
Trial Attorney, Oakland Division
U.S. DEPARTMENT OF JUSTICE
Office of the United States Trustee
450 Golden Gate Avenue, Suite 5-0153
San Francisco, California 94102
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: Barbara.A.Matthews@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re | Case No. 16-42231 RLE |
| | Chapter 11 |
| THE REMODELING COMPANY, | Date: October 25, 2016 |
| | Time: 1:30 p.m. |
| | Place: Room 201, 1300 Clay St., |
| Debtor-in-Possession. | Oakland, California 94612 |

**DECLARATION OF BANKRUPTCY ANALYST AND AUDITOR JIM J. PALMER
IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION
TO CONVERT CASE TO CHAPTER 7, OR, IN THE ALTERNATIVE, TO DISMISS
CASE OR APPOINT A CHAPTER 11 TRUSTEE**

I, JIM J. PALMER, declare:

1. I am employed as a Bankruptcy Analyst and Auditor by the United States Department of Justice, Office of the United States Trustee, Las Vegas Nevada.

2. I make this declaration based on my own personal knowledge of the facts in this

matter, and if called upon to testify would testify to the following facts.

3. One of my duties as a Bankruptcy Analyst and Auditor is to conduct initial debtor interviews ("IDIs") in Chapter 11 cases. At the IDI, I question the Debtor-in-Possession regarding the operating history, factors contributing to the bankruptcy filing, and the Debtor-in-Possession's plan prospects for an effective reorganization. Chapter 11 operating guidelines, United States Trustee reporting and quarterly fee requirements are also reviewed. In addition, the IDI is always conducted prior to the meeting of creditors so that the trial attorney conducting the meeting of creditors will have the benefit of my report and the information/documents that were produced at the IDI.

4. Shortly after a chapter 11 case is filed, the Office of the United States Trustee sends a letter to the Debtor-in-Possession or to the Debtor-in-Possession's counsel, if any, scheduling the IDI and requesting certain documents and information by a due date – in this case, by noon on August 30, 3016. I received none of the documents or information requested in this case, either before the due date or subsequently.

5. The IDI was initially scheduled for the wrong location; therefore, the Debtor-in-Possession did not attend. Once I learned of this situation, I contacted the Debtor-in-Possession's counsel and set a new date and time – September 21, 2016 at 11:30 a.m. I also asked counsel to have the Debtor-in-Possession complete the IDI checklist, gather the required documents, and send both to me before the scheduled IDI date. Because my office is located in Las Vegas, Nevada and the Debtor-in-Possession is in Northern California, the IDI was scheduled to be conducted telephonically.

6. Neither the Debtor-in-Possession's counsel nor the Debtor-in-Possession was available for the rescheduled IDI when I telephoned counsel's office on September 21, 2016. Therefore, I rescheduled the IDI to take place telephonically on September 27, 2016 at 10:00 a.m.

7. Neither the Debtor-in-Possession's counsel nor the Debtor-in-Possession was available for this rescheduled September 27, 2016 IDI; therefore, the rescheduled IDI did not take place.

8. Since the date of the last scheduled IDI, I have received no communications from the Debtor-in-Possession or his counsel regarding their failure to appear at the IDI, nor have I received any of the documents and information requested.

I declare under penalty of perjury, that the foregoing is true and correct. Executed this 7th day of October 2016.

*/s/ Jim J Palmer                   /*
JIM J. PALMER